UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>                                  Plaintiff,<br><br>v.<br><br>A. CALDERON, et al.,<br><br>                                  Defendants. | Case No.:  22cv441-TWR(LR)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' EX PARTE APPLICATION FOR LEAVE TO DEPOSE PLAINTIFF REMOTELY [ECF No. 24];**<br><br>**(2) OVERRULING PLAINTIFF'S OBJECTIONS TO HIS REMOTE DEPOSITION; AND**<br><br>**(3) DENYING PLAINTIFF'S REQUEST TO DEPOSE DEFENDANTS [ECF No. 22]** |

Presently before the Court is: (1) *pro se* Plaintiff Raul Arellano's Objection to Defendants in this case conducting his deposition remotely, which also includes a request to depose Defendants in this action (see ECF No. 22 ("Pl.'s Obj."); and (2) Defendants' *ex parte* Application to take Plaintiff's deposition remotely, which includes a response to Plaintiff's Objection and his request to depose Defendants.  (See ECF No. 24 ("Defs.' Appl.").)  For the reasons stated below, The Court: (1) **GRANTS** Defendants' request to

depose Plaintiff remotely; (2) **OVERRULES** Plaintiff's Objection to Defendants taking his deposition remotely; and (3) **DENIES** Plaintiff's request to depose Defendants.

## I.  BACKGROUND

Plaintiff, currently incarcerated at Richard J. Donovan State Prison ("RJD") in San Diego, California, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint in this case on April 4, 2022, alleging that two psychologists at RJD were deliberately indifferent to his reports of suicidal feelings in violation of his right to be free from cruel and unusual punishment under the Eight Amendment.  (See Compl., ECF No. 1.)  On August 8, 2022, the Court *sua sponte* screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and determined that Plaintiff alleged sufficient factual content to survive initial screening.  (See ECF No. 4.)  Defendants filed an answer to Plaintiff's Complaint on October 21, 2022.  (See Answer, ECF No. 11.)

On December 12, 2022, the Court issued a Scheduling Order regulating discovery and other pretrial proceedings, which granted Defendants leave to take Plaintiff's deposition pursuant to Federal Rule of Civil Procedure 30(a)(2)(B).  (See Scheduling Order, ECF No. 16 at 3.)  The Scheduling Order further noted that defense counsel was required to provide Plaintiff with notice of the date of his deposition at least fifteen days prior to the scheduled date for the deposition, and that the parties could stipulate or move to conduct Plaintiff's deposition via videoconference under Federal Rule of Civil Procedure 30(b)(4).  (See Scheduling Order at 3-4.)  Defendants' *ex parte* Application to depose Plaintiff remotely indicates that defense counsel mistakenly believed that the Court had permitted Plaintiff's deposition to be taken remotely in the Scheduling Order, and that Defendants noticed Plaintiff's remote deposition—presently scheduled for April 6, 2023—on March 7, 2023.  (See ECF No. 24-1, Jennifer Burns Decl. ("Burns Decl.") at 2.)

On March 16, 2023,[1] Plaintiff filed the instant Objection to Defendants conducting his deposition remotely through videoconference, which also includes a request to take Defendants' deposition. (Pl.'s Obj. at 1-2.) Defendants filed an *ex parte* Application directly requesting to take Plaintiff's deposition remotely under Federal Rule of Civil Procedure 30(b)(4) and responding to Plaintiff's Objection and request to depose Defendants on March 20, 2023. (Def.'s App.)

## II.  DISCUSSION

### A.  Plaintiff's Remote Deposition

Plaintiff objects to his deposition being taken remotely because he intends to present over one hundred pages of documents during the deposition. (See Pl.'s Obj. at 1.) Owed mainly to the small font size on these documents, Plaintiff contends that he will not be able to adequately discuss their contents with Defendants' counsel over videoconference. (See id.) Plaintiff argues that the California Attorney General's office should "pay a plane ticket for Jennifer Burns so she can take [my] deposition in person." (Id.)

Defendants argue that Plaintiff can effectively respond to questions about these documents without the need to hold them up to the camera and have Defendants view them simultaneously. (See Def.'s App. at 3.) Citing the COVID-19 pandemic and travel costs for defense counsel to attend Plaintiff's deposition in person, Defendants request leave to take Plaintiff's deposition remotely. (Id. at 2.)

The Court finds that Defendants' request to conduct Plaintiff's deposition by remote means is reasonable in light of the COVID-19 pandemic and the travel costs related to attending the deposition in person. Remote depositions have become increasingly common as a result of the pandemic, and the Court trusts that any perceived limitations Plaintiff experiences in presenting the documents he intends to discuss with

---

[1] Although Plaintiff's Objection was submitted through the prison mail system on March 9, 2023, the filing did not appear on the Court's docket until March 16, 2023. (See ECF No. 22.)

defense counsel can be resolved through the undersigned's chambers rules regulating discovery disputes.  See Hon. Lupe Rodriguez, Jr. Civ. Chambers R. § IV.  Accordingly, the Court **GRANTS** Defendants' Application to depose Plaintiff remotely (Defs.' Appl. at 2-3) and **OVERRULES** Plaintiff's objection.  (Pl.'s Obj. at 1.)  Defendants may conduct Plaintiff's deposition remotely pursuant to Federal Rule of Civil Procedure 30(b)(4).  Counsel and the witnesses shall abide by any security or safety precautions the institution deems necessary, including the presence of correctional officers during the depositions.  The deposition shall take place on April 6, 2023—the date Defendants previously noticed to Plaintiff.

### B.	Plaintiff's Request to Depose Defendants

Plaintiff separately requests to "[t]ake [d]eposition [of] Defendants." (Pl.'s Obj. at 1.)  Noting that an officer in the institution can administer an oath to Defendants and that "the deposition can be done in this prison through video at [no] expense," Plaintiff requests that he be "granted a[n] opportunity" to take Defendants' depositions.  (Id.)  In the alternative, Plaintiff requests that the Court "have the door open for [Defendants'] depositions to be made in the future . . . once the case is past [] summary judgment and a[n] attorney will be assigned." (Id. at 1-2.)

In response, Defendants contend that Plaintiff's request should be denied because he has not indicated how he will pay for the depositions he requests.  Noting that any deposition would have to be taken before a court reporter and would need to be recorded, Defendants argue that Plaintiff has not presented any information demonstrating that he can pay for these costs.  (See Defs.' App. at 3-4 (citing Fed. R. Civ. P. 28(a)(1); 30(b)(3)(A)).)

Incarcerated individuals proceeding *pro se* and *in forma pauperis* in civil cases under 42 U.S.C. § 1983 are permitted to use any of the discovery methods set forth in the Federal Rules of Civil Procedure.  See Starkey v. Hernandez, Case No.: 3:17-cv-01158-JLS-KSC, 2018 WL 2441554, at *1 (S.D. Cal. May 31, 2018).  The fact that a prisoner is proceeding *in forma pauperis*, however, does not obligate the government to advance

funds for them to take a deposition.  Id. at *1 (citing Doe v. United States, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986)).  Indeed, neither the government nor the Court has authority to finance or pay for a party's discovery expenses even though that party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  See, e.g., Fabricant v. Shinn, No. EDCV 19-00144-ODW (AS), 2021 WL 4459661, at *2 (C.D. Cal. June 16, 2021) (citing Jones v. Masiello, CASE NO. 3:19-CV-5954-RBL-DWC, 2020 WL 3839615, at *1 (W.D. Wash. July 8, 2020)) (noting that 28 U.S.C. § 1915 does not authorize payment for discovery costs, witness fees, or expenses).

      Here, Plaintiff seeks to depose both defendants in this action.  Although he avers that this can be done "at [no] expense," as Defendants correctly point out—these depositions would at the very least require him to pay recording costs.  (Pl.'s Obj. at 1; Defs.' App. at 3-4 (citing Fed. R. Civ. P. 28(a)(1); 30(b)(3)(A))); see also Starkey, 2018 WL 2441554, at *1 (denying motion to take depositions when the plaintiff made no showing that he could pay for the costs of those depositions).  Plaintiff has made no showing whatsoever of his ability to pay these costs under Rule 45(b)(1).  Moreover, leave of the Court is not required to depose someone, except for those who are incarcerated or have been previously deposed.  See, e.g., Dalke v. Clarke, Case No.: 1:20-cv-00534-AWI-SAB (PC), 2021 WL 4192036, at *1 (E.D. Cal. Sept. 15, 2021) (noting that leave is not required to depose any person under Federal Rule of Civil Procedure 31(a)(2)(A)(ii), (B)).  Plaintiff does not appear to have made any indication to Defendants as to how he intends to arrange their depositions, which officer will administer the oath, or the date and time that they are to go forward.  These failures leave the Court with the inability to grant Plaintiff the relief he seeks at this point in the discovery process.  See Cuff v. Harris, No. 2:16–cv–1999 MCE DB P, 2018 WL 2441592, at *2 (E.D. Cal. May 31, 2018) (citing Jackson v. Woodford, No. 05cv0513–L(NLS), 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007) (denying a request to take a defendant's deposition when the plaintiff did not indicate parameters or logistics of the deposition).  The Court is similarly unable to grant Plaintiff relief related to his request to "have a [second] attempt to do a

deposition" after the summary judgment stage.  Apart from the fact that the case has not yet survived summary judgment and counsel has not been appointed, Plaintiff does not appear to have made any efforts to organize the depositions or request modifications to the current Scheduling Order.

The Court notes that while Plaintiff may prefer to conduct Defendants' depositions, he can still proceed with discovery by other means, such as written interrogatories, requests for production, or requests for admission.  See Klingele v. Eikenberry, 849 F.2d 409, 412 n.1 (9th Cir. 1988) (noting that a pro se prisoner is entitled to an opportunity to serve interrogatories or request documents despite being unable to pay for deposition expenses); Fed. R. Civ. P. 33 (written interrogatories); Fed. R. Civ. P. 34 (requests for production); Fed. R. Civ. P. 36 (requests for admission).  Additionally, if Plaintiff seeks to modify the Scheduling Order in this case to take depositions from Defendants at a later time, he must make such requests with sufficient time remaining before the applicable discovery cutoff and fully comply with the undersigned's Civil Chambers Rules.  See Hon. Lupe Rodriguez, Jr. Civ. Chambers R. §§ IV-V.  Accordingly, Plaintiff's request to take Defendants' deposition is **DENIED** without prejudice.

### III.   CONCLUSION

For the reasons stated above, The Court (1) **GRANTS** Defendants' *ex parte* Application to depose Plaintiff remotely; (2) **OVERRULES** Plaintiff's Objection to his deposition being taken remotely; and (3) **DENIES** Plaintiff's request to depose Defendants in this matter without prejudice.

**IT IS SO ORDERED.**

Dated:  March 27, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge