UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>A. CALDERON, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 22cv441-TWR(LR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REPLY MOTION**<br><br>**[ECF No. 26]** |

　　　Presently before the Court are *pro se* Plaintiff Raul Arellano's: (1) Motion for Reconsideration of the Court's previous order overruling his objections to his deposition being taken remotely,[1] and (2) Reply Motion supporting his renewed request to depose Defendants and amend the Scheduling Order in this case. (Pl.'s Reply Motion, ECF No. 26 ("Reply Motion").)

　　　For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Reconsideration and Reply Motion in their entirety.

---

[1] The Court's Order overruling Plaintiff's objections to his deposition being taken remotely was filed on March 27, 2023. (<u>See</u> ECF No. 25.)

## I.     BACKGROUND

Plaintiff, currently incarcerated at Richard J. Donovan State Prison ("RJD") in San Diego, California, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint in this case on April 4, 2022, alleging that two psychologists at RJD were deliberately indifferent to his reports of suicidal feelings in violation of his right to be free from cruel and unusual punishment under the Eight Amendment.  (See Compl., ECF No. 1.)  On August 8, 2022, the Court *sua sponte* screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and determined that Plaintiff alleged sufficient factual content to survive initial screening.  (See ECF No. 4.)  Defendants filed an answer to Plaintiff's Complaint on October 21, 2022.  (See Answer, ECF No. 11.)

On December 12, 2022, the Court issued a Scheduling Order regulating discovery and other pretrial proceedings, which granted Defendants leave to take Plaintiff's deposition pursuant to Federal Rule of Civil Procedure 30(a)(2)(B).  (See Scheduling Order, ECF No. 16 at 3.)  The Scheduling Order noted that defense counsel was required to provide Plaintiff with notice of the date of his deposition at least fifteen days prior to the scheduled date for the deposition, and that the parties could stipulate or move to conduct Plaintiff's deposition via videoconference under Federal Rule of Civil Procedure 30(b)(4).  (See Scheduling Order at 3-4.)

On March 16, 2023, Plaintiff filed an Objection to his deposition being conducted remotely through videoconference, which Defendants had noticed for April 6, 2023.  (See Pl.'s Obj., ECF No. 22, at 1-2.)  Plaintiff's Objection also included requests to: (1) take Defendants' deposition using video recording equipment and officers at RJD and (2) amend the Scheduling Order to allow Plaintiff to take Defendants' deposition at a later date once the case proceeds past the summary judgment stage and counsel is appointed. (See id.)  Defendants then filed an *ex parte* Application: (1) indicating that defense counsel mistakenly believed that the Court had permitted Plaintiff's deposition to be taken remotely in the Scheduling Order, (2) directly requesting to take Plaintiff's

deposition remotely under Federal Rule of Civil Procedure 30(b)(4), and (3) responding to Plaintiff's Objection to his remote deposition and request to depose Defendants on March 20, 2023. (See Defs.' App., ECF No. 24.)

The Court subsequently issued an order: (1) granting Defendants' *ex parte* Application to depose Plaintiff remotely, (2) overruling Plaintiff's Objection to his deposition being taken remotely, and (3) denying Plaintiff's request to depose Defendants. (ECF No. 25.) In denying Plaintiff's request to depose Defendants, the Court noted that Plaintiff had not demonstrated how he would pay for the recording costs of the deposition, that leave of the Court was not required to depose someone, and that Plaintiff had not made any indication to Defendants as to how he intends to arrange the depositions. (See id. at 4-5.) Additionally, the Court denied Plaintiff's request to depose Defendants at a later date because the case had not yet survived summary judgment, counsel had not yet been appointed, and Plaintiff had not requested any modifications to the Scheduling Order. (See id. at 5-6.)

The instant Reply Motion followed on April 5, 2023.[2] (See Reply Motion Motion.) In his Reply Motion, Plaintiff: (1) requests that the Court reconsider its ruling regarding his remote deposition, (2) renews his request to take Defendants' depositions, (3) makes an additional request for the Court to amend the Scheduling Order to allow him to take Defendants' depositions at a later date, and (4) requests help in viewing information on a "health care CD-ROM." Because this last request is not fully developed, and Defendants note that they are coordinating to help Plaintiff view these records (see Defs.' Resp., ECF No. 27, at 2) the Court **DENIES** this request as premature.[3] (See Reply Motion, Ex. R, at 3-4.)

---

[2] The Court notes that although Plaintiff appears to have submitted his Reply through the prison mail system on March 31, 2023, the filing did not appear on the Court's docket until April 5, 2023. (See ECF No. 25.)

[3] Plaintiff is reminded that any discovery motions related to this information must comply with the undersigned's chambers rules. See Hon. Lupe Rodriguez, Jr. Civ. Chambers R.

1    Defendants filed a Response to Plaintiff's Reply Motion on April 10, 2023,
2  arguing that: (1) Plaintiff's request for the Court to reconsider its ruling regarding his
3  remote deposition should be denied as moot and (2) Plaintiff's renewed request to depose
4  Defendants should be denied due to his failure to demonstrate how he will pay the
5  required deposition costs.  (See Defs.' Resp., ECF No. 27 ("Resp."), at 1-2.)

6                    **II.    DISCUSSION**

7  **A.     Plaintiff's Motion for Reconsideration Regarding his Remote Deposition**

8    Plaintiff's Reply Motion asks the Court to alternatively construe part of his Reply
9  Motion as a Motion for Reconsideration of its ruling allowing his deposition to be taken
10 remotely.  (See Reply Motion, at 1:13-15.)  Noting that it would be confusing for Plaintiff
11 to ask defense counsel questions about documents without being able to show the text of
12 those documents simultaneously, Plaintiff argues that his deposition should be taken in
13 person to avoid such inefficiencies.  (See id.)  In response, defense counsel Jennifer
14 Burns contends that Plaintiff's Motion for Reconsideration should be denied as moot
15 because she deposed Plaintiff remotely on April 6, 2023, in compliance with the Court's
16 previous order.  (See Resp. at 1 (citing ECF No. 25).)  Ms. Burns notes that she was able
17 to obtain copies of the documents that Plaintiff brought to the deposition and could view
18 the documents while he was describing them.  (See Jennifer Burns Decl., ECF No 27-1
19 ("Burns Decl."), at 2.)  Because Plaintiff's deposition has already been completed
20 remotely, the Motion for Reconsideration included in Plaintiff's Reply Motion is
21 accordingly **DENIED** as moot.

22 **B.     Plaintiff's Request to Depose Defendants**

23   Plaintiff's Reply Motion also includes a renewed request to depose Defendants.
24 (See Reply Motion, Ex. R, at 3-4.)  Referencing the Court's previous order on his request
25 to depose Defendants in this matter, Plaintiff makes a litany of arguments as to how he
26 can take their depositions without any cost.  (See id.; Reply Motion at 2.)  Specifically,
27 Plaintiff: (1) names an officer at RJD who he represents has a notary public license and
28 can administer the oath at the depositions, (2) references what date and time they are to

go forward, (3) notes that the depositions will be taken using a free video recording device, and (4) explains that there would not be any cost involved in requiring the defendants to appear for a deposition, since they already work at the prison.  (See Reply Motion at 2; Reply Motion, Ex. R, at 3-4.)  In response, Defendants contend that Plaintiff's renewed request to depose them should be denied because Plaintiff still has not made any showing that he is able to pay required stenographic or court reporter expenses.  (See Resp. at 2.)

As stated in the Court's previous order (ECF No. 25), discovery for all litigants in civil cases—including those proceeding *pro* se—is governed by the Federal Rules of Civil Procedure.  Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" except under special circumstances in which leave of the Court is required.  See Fed. R. Civ. P. 26(b)(2).  Any party may take an oral deposition of another person, including a party to the lawsuit, *without* leave of the Court by serving a subpoena in accordance with Federal Rule of Civil Procedure 45 to compel attendance.  See generally Fed. R. Civ. P. 26-37, 45.  The fact that Plaintiff has been granted *in forma pauperis* status in this case pursuant to 28 U.S.C. § 1915(d), however, does not mean that these expenses have been underwritten or are waived.  Plaintiff is further advised that subpoenas for attendance at a deposition also cannot be enforced without proper prepayment of witness fees.  See Henderson v. Cleveland, C/A No.: 4:20-2726-SAL-TER, 2022 WL 2106560, at *1 (D.S.C. June 9, 2022) (citing Fed. R. Civ. P. 45(b)(1)).  Additionally, the party seeking to depose a witness is responsible for arranging *all* aspects of the deposition, including securing a location, retaining a court reporter, or payment of stenographic expenses.  See Dalke v. Clark, Case No.: 1:20-cv-00534-AWI-SAB (PC), 2021 WL 4192036, at *1 (E.D. Cal. Sept. 15, 2021) (noting that fees required for deposition upon written questions are not waived in the *in forma pauperis* statute).

Plaintiff has not demonstrated his ability to pay any of these required discovery expenses.  Although he attempts to invoke the parties' ability to stipulate to depositions

being taken in a manner that is not prescribed by the rules under Federal Rule of Civil Procedure 29(a) (see Reply Motion, Ex. R, at 4 n.1), Plaintiff has similarly made no showing that the parties in this case have agreed to the taking of Defendants' depositions in a manner other than the ones laid out in the applicable federal rules. See Fed. R. Civ. P. 26-37, 45. Accordingly, Plaintiff's renewed request to take Defendants' deposition is **DENIED**.

C.     **Plaintiff's Request to Amend the Scheduling Order**

In addition to his request to depose Defendants in this matter, Plaintiff's Reply Motion also contains a request to amend the Scheduling Order to "depose [D]efendant[s] at a later time." (See Reply Motion at 2.) Referencing the Court's previous order on Plaintiff's request to modify the Scheduling Order, Plaintiff explains that he is giving the Court notice that he plans to depose Defendants at a later date once the case passes the summary judgment stage and counsel is appointed. (See id. (citing ECF No. 25 at 6:5-17).) Because this request is dependent on the case proceeding past summary judgment, this portion of Plaintiff's Reply Motion is still premature. Plaintiff is once again advised that if he seeks to modify the Scheduling Order in this case to take depositions from Defendants at a later time, he must make such requests with sufficient time remaining before the applicable discovery cutoff and fully comply with the undersigned's Civil Chambers Rules. See Hon. Lupe Rodriguez, Jr. Civ. Chambers R. §§ IV-V. Plaintiff's request to modify the Scheduling Order is accordingly **DENIED** without prejudice.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Reconsideration and Reply Motion in their entirety without prejudice.

**IT IS SO ORDERED.**

Dated: April 20, 2023

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge