UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>                    Plaintiff,<br><br>v.<br><br>A. CALDERON, et al.,<br><br>                    Defendants. | Case No.:  22cv441-TWR(LR)<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS' MOTION TO STAY EXPERT DISCOVERY AND VACATE THE MANDATORY SETTLEMENT CONFERENCE [ECF No. 34];**<br><br>**(2) RESETTING THE MANDATORY SETTLEMENT CONFERENCE; AND**<br><br>**(3) GRANTING IN PART DEFENDANTS' EX PARTE APPLICATION TO EXCUSE THEIR APPEARANCE AT THE MANDATORY SETTLEMENT CONFERENCE [ECF No. 39]** |

Presently before the Court are Defendants A. Calderon and A. Moreno's renewed motion for the Court to "stay expert discovery and vacate the July 19, 2023 Mandatory Settlement Conference" ("Stay and Vacate Motion") (ECF No. 34) and Defendants' *ex*

1

*parte* application for the Court "to excuse their appearance at the Mandatory Settlement Conference" ("Excusal Application"). (ECF No. 39.) For the reasons set forth below, the Court: (1) **DENIES** Defendants' Stay and Vacate Motion (ECF No. 34); (2) **RESETS** the Mandatory Settlement Conference ("MSC"); and (3) **GRANTS** Defendants' Excusal Application (ECF No. 39) **in part**.

## I. BACKGROUND

Plaintiff, currently incarcerated at Richard J. Donovan State Prison ("RJD") in San Diego, California, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this case on April 4, 2022, alleging that two psychologists at RJD were deliberately indifferent to his reports of suicidal feelings in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. (See ECF No. 1, Compl.) On August 8, 2022, the Court *sua sponte* screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and determined that Plaintiff alleged sufficient factual content to survive initial screening. (See ECF No. 4.) Defendants filed an answer to Plaintiff's Complaint on October 21, 2022. (See ECF No. 11, Answer.)

On December 12, 2022, the Court issued a Scheduling Order regulating discovery and other pretrial proceedings, which set a fact discovery deadline of May 26, 2023, and an expert discovery deadline of September 15, 2023. (See ECF No. 16, Scheduling Order, at 3, 5.) Additionally, after a telephonic case management conference ("TCMC"), the Court set a follow-up TCMC for June 14, 2023, and reset the MSC in this case for July 19, 2023. (See ECF No. 23.)

On May 25, 2023, near the close of fact discovery, Defendants filed a motion for summary judgment ("MSJ"), arguing that they were not deliberately indifferent to Plaintiff's medical needs. (See ECF No. 29, Mot. for Summ. J.) Then, on May 31, 2023, Defendants filed a motion asking the Court to stay expert discovery until it can rule on the MSJ and to vacate the June 14, 2023 TCMC and July 19, 2023 MSC. (See ECF No. 31.) The Court denied that motion in its entirety, concluding that Defendants had not met

1  the standard for a stay of expert discovery under the test that requires courts to take a
2  "preliminary peek" at the merits of the dispositive motion to assess whether a stay is
3  warranted, and that Defendants had not shown good cause to vacate the TCMC and the
4  MSC.  (See generally ECF No. 32.)
5  　　　　After the Court held the TCMC on June 14, 2023, Defendants filed the instant Stay
6  and Vacate Motion, which renews their request for the Court to stay expert discovery and
7  asks the Court to vacate the next pending hearing in this case—the July 19, 2023 MSC.
8  (See ECF No. 34-1, Mem. of P. & A. in Supp. of Stay & Vacate Mot. ("Stay & Vacate
9  Mot.").)  The Court ordered Plaintiff to respond to Defendants' Stay and Vacate Motion
10 by July 3, 2023.  (ECF No. 35.)  Plaintiff has not opposed this request and the deadline to
11 do so has passed.  Finally, on July 7, 2023, Defendants filed a motion asking the Court to
12 excuse their personal appearance at the MSC in the event that the Court declines to
13 vacate that hearing.  (See ECF No. 39.)

## II.   DISCUSSION

### A.   Stay and Vacate Motion (ECF No. 34)

16 　　　　In response to the Court's previous order denying Defendants' request to stay
17 expert discovery in this case and vacate the remaining hearings, Defendants submit new
18 information to address the Court's concerns that "they had not provided information
19 about the cost and time required to conduct expert discovery" and that they had not
20 shown good cause to vacate the remaining hearings in this case.  (Stay and Vacate Mot. at
21 2-3.)  Specifically, Defendants submit a declaration from their counsel, Jennifer Burns,
22 which notes that medical expert fees in this case will likely exceed $10,000, and further
23 explain that they are not willing to settle this case while the MSJ is pending.  (See ECF
24 No. 34-2, Jennifer Burns Decl. ("Burns Decl."), at 2-3.)  The Court will address each
25 request in the Stay and Vacate Motion in turn.

#### 1.   Request to stay expert discovery

##### a.   Applicable law

28 The Federal Rules of Civil Procedure do not provide for automatic or blanket stays

of discovery because a potentially dispositive motion is pending.  See Skellerup Indus. Ltd. v. City of Los Angeles, 163 F.R.D. 598, 600-601 (C.D. Cal. 1995).  A court, may, however, stay discovery under Federal Rule of Civil Procedure 26(c).  See Fed. R. Civ. P. 26(c)(1) (a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur); Clardy v. Gilmore, 773 F. App'x 958, 959 (9th Cir. 2019) (affirming stay of discovery under Rule 26(c)).  This broad authority must be balanced, however, against Rule 1's requirement that the Federal Rules of Civil Procedure be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding."  See Fed. R. Civ. P. 1.  A party seeking a stay of discovery must make a strong showing as to why a protective order halting discovery should be issued.  Merely "showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order."  See Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 601 (D. Nev. 2011).

Although the Ninth Circuit has not provided a concrete rule or test that courts must apply to determine if good cause exists to stay discovery, one approach that many district courts have used is a two-part test which considers: (1) whether the "pending motion must be potentially dispositive of the entire case, or at least dispositive of the issue at which discovery is aimed," and (2) whether "the pending, potentially dispositive motion can be decided absent additional discovery."  Mlejnecky v. Olympus Imaging Am., Inc., No. 2:10-cv-02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011).  In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted.  See Nguyen v. BMW N. Am., LLC., Case No. 3:20-cv-02432-JLS (BLM), 2021 WL 2284113, at *2 (S.D. Cal. June 4, 2021) (citing Tradebay, LLC, 278 F.R.D. at 602).

At the "preliminary peek" stage, the court does not pre-judge the outcome of the underlying motion.  See Tradebay, LLC, 278 F.R.D. at 603.  Instead, the preliminary peek is meant to "evaluate the propriety of an order staying or limiting discovery with the

goal of accomplishing the objectives of Rule 1." Id.  With this goal as a framework, a stay of discovery should only be ordered if the court is "convinced" that a defendant will be successful in their dispositive motion.  See Wooters v. Experian Info. Sols., Case No. 2:22-cv-01691-CDS-BNW, 2023 WL 3584109, at *2 (D. Nev. May 22, 2023) (citing Kor Media Grp., LLC v. Green, 294 F.R.D. 579, 583 (D. Nev. 2011).  This is an onerous standard to meet— "[g]enerally there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." Kor Media Grp., LLC, 294 F.R.F. at 583 (citing Trzaska v. Int'l Game Techs., No. 2:10–cv–02268–JCM–GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011)).

    b.  Discussion

  The Court's previous order denying Defendants' request to stay expert discovery pending the outcome of the MSJ noted several deficiencies in that motion.  Most pertinently, although the first two Mlejnecky factors weighed in favor of staying discovery, the Court concluded that the use of preliminary peek test would require an evaluation of the merits of Plaintiff's Eighth Amendment deliberate indifference claims before the MSJ is fully briefed. (See ECF No. 32 at 5.)  Moreover, without the benefit of a response to the MSJ from Plaintiff, the Court concluded that it would be an inefficient use of time and resources to engage in a preliminary analysis of the motion. (See id.)  Additionally, the Court noted that Defendants had not provided any specifics regarding the costs and time that would be incurred by participating in the discovery process as it is currently scheduled. (See id. at 6.)

  Defendants' renewed motion attempts to address these portions of the Court's previous order by putting a dollar amount on the costs that could be incurred by participating in the discovery process as it is currently delineated in the Scheduling Order.  Specifically, Defendants' counsel notes that medical and mental health experts retained by the California Attorney General's office in medical deliberate indifference cases charge "between $500 and $800 per hour." (Stay and Vacate Mot. at 4-5 (citing Burns Decl. at 2-3).)  Given the volume of Plaintiff's medical records (over 17,000

pages), Defendants contend that two experts' time in reviewing these records and preparing a report that discusses whether their treatment of Plaintiff was within the appropriate standard of care "will exceed $10,000." (Id. at 5 (citing Burns Decl. at 2-3).) Defendants further claim that staying discovery would save time and expense because the pending MSJ, if granted, will render expert discovery unnecessary. (See Burns Decl. at 3.) Conversely, Defendants contend that there is "little to no prejudice" to Plaintiff in a brief stay of discovery. (See id.)

These additional details do not sufficiently move the needle to warrant a stay. The Court acknowledges that discovery can be burdensome, and that Defendants will incur some expense in proceeding with discovery as it is currently scheduled. The fact that participating in discovery may involve some inconvenience and expense, however, is not sufficient to support a stay. See Salvador v. GEICO Gen. Ins. Co., Case No. 2:20-cv-00798-RFB-BNW, 2020 WL 5898780, at *6 (D. Nev. Oct. 5, 2020) (citing Kor Media Grp., LLC, 294 F.R.D. at 583). Indeed, the Court's initial observations about the complexity of this litigation remain true. The claims at issue in this case do not appear to be particularly complex or difficult to litigate, Defendant has not demonstrated the need to retain an unusual number of experts outside of the range that the Court would expect, and the Court is not convinced that a disproportionate amount of time would need to be expended to obtain these experts' opinions. Thus, Rule 1's stated purpose of ensuring a just, speedy, and inexpensive determination of this matter is not served by a discovery stay. The Court accordingly **DENIES** the Stay and Vacate Motion (ECF No. 34) insofar as it seeks to stay expert discovery.

### 2. Request to vacate the MSC

Defendants separately renew their request to vacate the MSC in this case—currently scheduled for July 19, 2023. (See Stay and Vacate Mot. at 5 (citing Burns Decl. at 3) ("Additionally, Defendants respectfully request that the Court vacate the MSC . . . because a settlement conference would not be productive while Defendants' motion for summary judgment is pending.").)

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Having considered Defendants' representations about their settlement position in this case, the Court concludes that good cause does not exist to vacate the MSC at this time. The MSC is a necessary hearing that the Court will use to discuss any potential opportunities for early resolution of this matter. See S.D. Cal. Civ. R. 16.3.a. Defendants' insistence that they are not willing to settle this case while their MSJ is pending, however, is well taken. Thus, while the Court **DENIES** the Stay and Vacate Motion insofar as it requests that the Court vacate the July 19, 2023 MSC, good cause exists to continue the MSC to a later date in the trajectory of this case. Accordingly, the Court **RESETS** the MSC for **December 6, 2023** at **9:30 a.m.** All deadlines related to this hearing from the Court's Scheduling Order (ECF No. 16) will remain in effect, apart from the requirement that confidential settlement statements must now be submitted by **November 29, 2023**.

B.   **Excusal Application (ECF No. 39)**

Defendants also separately ask the Court to excuse their personal appearance at the MSC if the Court declines to vacate that hearing. (See ECF No. 39.) In support of this *ex parte* application, Defendants note that their counsel will appear at the conference, that their presence is not necessary to achieve settlement, and that their presence at the conference would be a hardship for the institution, which would need to obtain alternate coverage. (See id. at 1-2.)

Although the Court has reset the MSC for a later date, good cause exists to excuse Defendants' from attending the video MSC. Thus, while the Court **GRANTS in part** Defendants' application and excuses them from personally attending the MSC, the Court **ORDERS** Defendants **to provide their contact information to defense counsel and to remain available by telephone for the duration of the MSC**.

## III.   CONCLUSION

For the reasons stated above, the Court: (1) **DENIES** Defendants' Stay and Vacate Motion (ECF No. 34); (2) **RESETS** the MSC for **December 6, 2023**,[1] at **9:30 a.m.**; and (3) **GRANTS** Defendants' application to excuse their appearance at the MSC (ECF No. 39) **in part** to excuse them from personally appearing at the MSC.  All other events and deadlines in the Court's Scheduling Order (ECF No. 16) remain in effect.

**IT IS SO ORDERED.**

Dated:  July 14, 2023

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge

---

[1] The Court notes again that the deadline to submit confidential settlement statements for this hearing is now **November 29, 2023**.